UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                                :
OPHELIA FRY,                    :       CASE NO. 1:07-cv-2403
                                                :
         Plaintiff,                    :
                                                :
vs.                                         :       OPINION & ORDER
                                                :       [Resolving Doc. No. 6]
MANSFIELD CITY SCHOOL,  :
                                                :
         Defendant.                 :
                                                :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before this Court is a motion for default judgment filed by the Plaintiff Ophelia Fry against the Defendant Mansfield City School. [Doc. 5]. For the reasons stated below, the Court **DENIES** the motion.

**I. Background**

The Court finds that the Plaintiff attempted to serve Defendant Mansfield City School with a complaint and summons via certified mail near August 14, 2007. [Doc. 3]. The service was returned and signed by a "Mark Wand." [*Id.*] The Defendant did not file an answer. On October 16, 2007, the Court, believing proper service had been executed on the Defendant, entered an order to show cause why the Plaintiff had not moved for default judgment. [Doc. 4]. The Plaintiff thereafter filed the motion. [Doc. 6].

The clerk's office mailed an application for default judgment to the Defendant, via regular post. The Defendant received the application, and, this being their first notice of the lawsuit, contacted counsel. [Doc. 10, Ex. 2]. The Defendant opposes the motion for default

-1-

Case No.
Gwin, J.

judgment, stating that no "Mark Wand" works for them and the Defendant had moved from the address to which service had been sent some weeks before the service had been attempted. [Doc. 10, Ex. 1].

## II. Legal Standard

Fed. R. Civ. Pro. 55(a) provides that the Court may hold a party in default unless that party files a responsive pleading or otherwise defends against the action within the time period allotted by statute. Fed. R. Civ. Pro. 12(a) requires that the party responding must serve its responsive pleading within 20 days after service of the pleading to which it responds.

For service to be proper, it must comply not only with the relevant rule, but also with due process by providing "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Whisman v. Robbins*, 712 F. Supp. 632, 638 (S.D. Ohio 1988) (citation omitted).

Fed. R. Civ. P. 4(j) permits a plaintiff to serve a complaint and summons on a defendant state, municipal corporation, or other governmental organization by (1) delivering a copy of the summons and of the complaint to its chief executive officer or (2) by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

Ohio Civ. R. 4.1(A) permits service of process on a defendant by certified or express mail. Ohio Civ. R. 4.2 (M) permits service upon a municipal corporation or upon any of its offices, departments, agencies, authorities, institutions or administrative units by serving the officer responsible for the administration of the office, department, agency, authority, institution or unit or by serving the city solicitor or comparable legal officer.

Case No.
Gwin, J.

### III. Analysis

The Plaintiffs' attempted service on the Defendant does not pass muster. Mark Wand was not an officer responsible for the administration of the department or the city solicitor or comparable legal officer. Indeed, Mark Wand is not an employee of the Defendant. [Doc. 10, Ex. 2]. As such, the Defendant was not properly served. Further, sending certified mail to a previous address is not "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action filed and afford them the opportunity to present their objections. *See Whisman*, 712 F. Supp. at 638 (S.D. Ohio 1988).

Rule 12(a) requires that in most cases the responsive pleading must be served within 20 days after service of the pleading to which it responds. Since the Defendant was not properly served the complaint, its 20 days to respond have not expired. The Court understands that Defendant will waive service and file its answer by November 29, 2007.

### IV. Conclusion

For the aforementioned reasons, the Court **DENIES** the Plaintiff's motion for default judgment.

IT IS SO ORDERED.

Dated: November 20, 2007                s/     *James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE